# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL WEATHERS,

      Plaintiff,

vs.                                                                                                    Civil No. 02-1546 WJ/LCS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed January 3, 2003 **(Doc. 5)**.  The underlying complaint was filed in state court on October 28, 2002.  This is a vehicle collision and insurance coverage case.  Plaintiff alleges state law causes of action against Defendant ("State Farm") concerning coverage under an insurance policy under which Plaintiff was insured.  Defendant removed the case to federal court on December 6, 2002. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and shall be granted.

Plaintiff contends that removal notice is fatally defective and that the removal is untimely. I do not find the "on or about October 28, 2002" language in the notice of removal to be a critical issue. The notice of Service from the Superintendent of Insurance, attached to the Notice of Removal, confirms October 28, 2002, as the date of service.  Under 28 U.S.C. § 1446(b), the petition for removal of a civil action "shall be filed within thirty days after the receipt by the

defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based. . . ."

Federal court jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). It is clear that the removal would be untimely except for Defendant's rather innovative theory of when the thirty day period begins to run for insurers, based on the state statute governing service of process on insurers, N.M.Stat.Ann. § 59A-5-32 (1978). This statute provides that service against an insurer is effectuated by serving process on the Superintendent of Insurance. § 59A-5-32(A). State Farm argues that under this statute, an insurer is afforded an extra ten days beyond the thirty in which to remove because of subsection (C): "If summons is served under this section, the time within which the insurer is required to appear shall be extended an additional ten (10) days beyond that otherwise allowed by New Mexico Rules of Civil Procedure."

The thirty-day removal period begins to run when a defendant is formally served by certified mail. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). I find that the state statute does not give State Farm *forty* days in which to remove an action to federal court from the time it is served. Or, to state the issue another way, I find no merit to Defendant's contention that under § 59A-5-32, the thirty-day removal period does not begin to run until the time of actual notice *plus* ten days. The ten-day extension language seems to apply specifically to an insurer's entry of appearance ("the time within which the insurer is required to appear shall be

extended . . . "). Further, the alleged "substantive right" which Defendant finds to exist in the statute (i.e., consent to the appointment of an agent for service of process) is not an issue for purposes of the present motion.[1]  Thus, the thirty-day period remains unaffected by any of the provisions in § 59A-5-32.. Accordingly, I conclude that Defendant has not met its burden of demonstrating the existence of federal jurisdiction.  See Martin v. Franklin Capital Corp, 251 F.3d 1284, 1290 (10th Cir. 2001).

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Remand **(Doc. 5)** is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE

---

[1]  I do note, however -- without basing my conclusion on the observation, that the state statute may afford a defendant-insurer some wiggle room concerning when the thirty-day removal period is triggered.  Under § 59A-5-32(B), service of process is considered complete upon the date the insurer receives (or refuses to accept) a copy of process sent by the Superintendent by "prepaid registered or certified mail return receipt requested." The Superintendent's letter to State Farm (attached to Notice of Removal) was stamped as received on November 1, 2002.  Since Defendant removed the case on December 6, 2002, removal would still be untimely.